The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar (and the briefs and oral arguments before the Full Commission). The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and the employment relationship existed between the parties on February 7, 1993, which is the date of the injury giving rise to this claim.
2. PMA Group was the carrier on the risk.
3. The plaintiff's average weekly wage was $331.11 which yields a compensation rate of $220.75.
4. On February 7, 1993, the plaintiff ruptured his right Achilles tendon when he was in his yard at home.
5. The issue for determination is whether plaintiff's injury was a result of an occupational disease which arose out of his employment, and if so, to what benefits is plaintiff entitled to receive.
6. The parties stipulated the following documents into evidence:
a. Two pages of records from Iredell Memorial Hospital emergency room,
b. Twelve pages of records of Dr. Byron Dunaway;
c. Three pages of records of Dr. Bob Wodecki;
d. Three-page Notice to Use statement;
e. A photograph of plaintiff's yard; and
f. A diagram of plaintiff's workplace.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the injury giving rise to this claim, the plaintiff was a 35 year old male who had been employed since June of 1991 as a meat cutter with defendant-employer. The plaintiff had no history of leg problems or tendonitis prior to 1991.
2. The plaintiff worked for eight hours per day on a concrete floor with no floor mats. The plaintiff brought meat into his work area from the freezer to cut and prepare it for orders.
3. In November of 1992, the plaintiff began to experience pain in his right leg and sometime later, he noticed a knot on the tendon in his right leg. However, he sought no medical attention and continued to work.
4. On February 7, 1993, the plaintiff was playing basketball with his young son. When he moved to retrieve the basketball, plaintiff bent over, fell down and felt pain in his right leg.
5. The plaintiff went to the emergency room at Iredell Memorial Hospital on February 7, 1993 and was referred to Dr. Dunaway, an orthopaedic surgeon. The plaintiff related to Dr. Dunaway a history of tendonitis for four to five months prior to the ruptured Achilles' tendon.
6. Dr. Dunaway surgically repaired plaintiff's ruptured tendon on February 10, 1993.
7. There is insufficient evidence of record from which to prove by its greater weight that the work-related tendonitis in any way caused the basketball-related ruptured tendon. Therefore, there is insufficient evidence of record from which to prove by its greater weight that plaintiff's inability to work was due to any cause other than the basketball-related ruptured tendon.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff bears the burden of proving each element of compensability.
2. In this case, the plaintiff has failed to establish that the disability from work was due to causes other than the ruptured Achilles tendon which was the result of a non-work-related accident.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim is and under the law must be DENIED.
2. Each side shall pay its own costs.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________________ COY M. VANCE COMMISSIONER